GRENVILLE PARKER *vs.* IVERS PHILLIPS.
IVERS PHILLIPS *vs.* GRENVILLE PARKER & others.

It seems, that, after the formal dissolution of a partnership, if there are partnership assets to be administered, and partnership debts remaining unpaid, the creditors of the partnership may institute proceedings in insolvency, in the cases and manner provided by law, as if the partnership had not been dissolved.

If, by the 21st section of the insolvent law (*St.* 1838, *c.* 163) one partner after a dissolution is authorized, upon his separate application, to institute proceedings in insolvency, upon which a warrant may issue against his separate property, and against the property of the partnership, this can only be done, when both the partnership and the individual partner are insolvent, and so alleged to be in the petition of such partner: and, therefore, where in a petition by one partner, he alleged that individually and as such partner he was indebted in divers sums of money, amounting in the whole to $500, which he was unable to pay in full, and that he wished to assign all his estate and effects, and all the effects of the firm, for the benefit of his creditors, and to obtain his discharge, &c.; it was held, that the petition was insufficient, and that all the proceedings thereon were void.

THE first of these causes was an action of trover, brought by the plaintiff as the assignee of Lucius Beach, and also of Lucius Beach and John Bowen, constituting the firm of Bowen

& Beach, to recover damages for the taking and conversion by the defendant of a large quantity (upwards of ten thousand pounds) of wool, the property of the insolvents. The defendant was a deputy sheriff, and as such, had attached the wool on mesne process, and afterwards seized and sold it on executions regularly issued and proceeded upon against the insolvents.

The plaintiff, subsequently to the attachment, but prior to the sale on execution, had been appointed assignee, as alleged in the writ, of the estate of Lucius Beach, and also of the then late firm of Bowen & Beach, and had received an assignment thereof from Isaac Davis, a master in chancery, on the 22d of November, 1843.

It appeared that at the time of the commencement of the insolvent proceedings, which was by the petition of Beach, on the 8th of November, 1843, John Bowen, one of the firm of Bowen & Beach, had not then ever been a resident or citizen of this commonwealth, and was not then a partner with Beach, but that the partnership had been dissolved in September, 1843; that Beach was a resident of Worcester, where he had the charge and oversight of the partnership business, which was there carried on until the dissolution; and that the firm was insolvent in October, 1842, and stopped business about that time.

On the trial, which was before *Hubbard*, J., in this court, at the April term, 1846, the defendant insisted, that the plaintiff was not lawfully the assignee of the estate of Bowen & Beach, or of John Bowen, for the want of jurisdiction of the master in chancery over the person or property of John Bowen, and consequently that the plaintiff could not maintain this action.

But the presiding judge, for the purposes of the trial, ruled otherwise; whereupon, a verdict was taken for the plaintiff, and the case reserved for the consideration of the whole court.

*G. Parker*, for himself.

*R. Newton*, for the defendant.

At the succeeding September term of this court, the de-

fendant in the above mentioned action filed a bill in equity against the plaintiff therein, the master in chancery, and the insolvent debtors, setting forth in detail the proceedings in virtue of which the wool, which was the subject of the action, was seized and sold on execution, and also the proceedings relative to the insolvency of Bowen & Beach, and the appointment of Parker, as their assignee ; praying that the latter might be annulled ; that the assignee and the master in chancery might be restrained by injunction from proceeding further therein; and that the assignee might be restrained from further prosecuting the action above mentioned.

All the facts appearing by the bill and answer and an agreed statement, in addition to those already set forth as above, and which were considered by the court as material, are sufficiently stated in the opinion.

*R. Newton*, for the plaintiff.

*G. Parker* and *C. W. Hartshorn*, for the defendants.

Shaw, C. J.    These suits depend on one and the same question. . The action at law was first commenced by Parker, as the assignee of Lucius Beach, and of the late firm of Bowen & Beach, composed of Lucius Beach and John Bowen. . The action is trover to recover a large quantity of wool, attached by the defendant, as a deputy sheriff, and taken by him in execution, as the property of Bowen and Beach; and the question is, whether the plaintiff, as such assignee, or the defendant as such attaching officer, has the prior and legal title.    The attachment was made by the defendant, as a deputy sheriff, on process in favor of a creditor of Bowen & Beach, before the institution of proceedings in insolvency ; but if these proceedings were legal and effectual, then, by force of the statute, the attachment was dissolved, and the defendant had no longer any right to detain the property against the demand of the assignee.    The action at law was brought to trial before the late Mr. Justice Hubbard, and a verdict was returned therein for the plaintiff, subject to the opinion of the whole court.

In the mean time, the above entitled case in equity was com-

menced by the attaching officer, with a view to test the validity and correctness of the proceedings in insolvency; for the purpose of showing that such proceedings were not conformable to law, and that the master had no jurisdiction; and to procure an injunction upon the master, the assignee, and all concerned, to restrain them from prosecuting the action, and from proceeding further under the insolvent law.

It appears by the pleadings, and is not contested, that Bowen and Beach had been partners; that the business was carried on at Worcester in this state, under the personal superintendence of the partner Beach; that prior to the commencement of the insolvent proceedings, Bowen had never been an inhabitant and resident of this commonwealth; that the partnership was in form dissolved, and public notice thereof given, before the commencement of those proceedings; that the proceedings were commenced upon the several petition of Beach to the master, as set forth in terms in the bill; and that at the time of the commencement of such proceedings, there was partnership property not yet applied, and partnership debts outstanding and not yet paid.

The court are inclined to the opinion, upon a reasonable construction of the twenty-first section of the insolvent law (*St.* 1838, *c.* 163), that after a formal dissolution of a partnership, whilst there are partnership assets to be administered, and partnership debts remain unpaid, the creditors of the partnership may apply for proceedings in insolvency, *in invitum*, in the cases and in the manner provided by law, as if the partnership were still in existence. Such a construction seems necessary to carry out the insolvent law; to make an equal distribution of the property of insolvents; and is aided by the consideration, that, though a partnership is dissolved, and the mutual authority of the partners to bind each other, as to future transactions, has ceased, yet, to some extent, and for some purposes, in regard to past transactions, the partnership still exists. *Barclay* v. *Phelps*, 4 Met. 397; *Burnside* v. *Merrick*, 4 Met. 537.

But whether, after a dissolution, one partner can volunta-

rily proceed, without the consent of the other, in the same manner as if the partnership had not been dissolved, so as to place all the partnership property under the operation of the insolvent laws; and whether this would necessarily draw into the hands of the assignee, the separate property of such other partner; and whether this power would be affected by the consideration, that such other partner is not, and prior to such proceedings has not been, domiciled and personally subject to the jurisdiction of the commonwealth; are questions, which, though somewhat debated in the present case, we have not found it necessary to decide.

For, supposing it to be held, that by the true construction of the statute, one partner, after a dissolution, can, upon his separate application, commence proceedings, which would warrant an assignment of all his separate property, and of all the partnership property, this power of one partner must be limited to a case, where the partnership, as well as the individual partner, is insolvent, and where it is alleged, that the partnership property, and the separate property of the party applying, are insufficient to pay his own and the partnership debts in full. This must be distinctly alleged, in order to bring the case within the statute, and give the master jurisdiction. The effect of such a provision, — perhaps a necessary, but certainly a very stringent provision, — superseding the custody and management of the property of a third person, not a party and not consenting to the proceedings, must be construed strictly. If after a dissolution, one partner can exercise a power so deeply affecting the rights and property of another, the case must be fully and clearly stated.

Applying this rule to the present case, it does not appear, and was not alleged in the original petition of Beach to the master, under which the proceedings were instituted and the warrant issued, that the partnership was insolvent. After describing the firm of Bowen & Beach, and speaking of Bowen as his late copartner, he proceeds to allege, "that individually and as such copartner he is indebted in divers

sums of money, amounting in the whole to $500, which he is unable to pay in full, and he wishes to assign all his estate and effects, and all the estate and effects of said firm, for the benefit of his said creditors, and to obtain his discharge," &c. In the course of the argument, it was stated on the one side, and denied on the other, that Bowen was insolvent. It is highly probable, from the case as it appears, that the partnership was insolvent. But it would not be enough, — if it now distinctly appeared in proof, — that the partnership was in fact insolvent. In order to give the master jurisdiction, a case must be stated in the petition, which shows that he has jurisdiction under the statute. Upon this ground, the court are of opinion, that the master had no jurisdiction, and that all the proceedings under said petition are void.

The plaintiff is therefore entitled to a decree, declaring the proceedings on said petition void, and that all other proceedings thereon be terminated ; and that a copy of such decree be filed with Isaac Davis, esquire, the master, to be entered upon the minutes and record of said proceedings : Also, that Grenville Parker, assignee, be enjoined and restrained from further proceeding in the action of trover against Ivers Phillips, the plaintiff in equity, and that he discontinue the same.